UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-720-2 |
| | § | |
| GEORGE DAVID REBANT | § | |

## ORDER DENYING CONSTRUED MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL AND VACATING GRANT OF *IN FORMA PAUPERIS* STATUS

George David Rebant filed a notice of appeal (D.E. 49), a motion to appeal *in forma pauperis* (D.E. 51) from this Court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 and a Response that this Court construes to be a motion for reconsideration. D.E. 54. The Court vacates its previous grant of Rebant's motion to appeal *in forma pauperis* by Order dated June 23, 2015. D.E. 53.

Rebant's notice of appeal is postmarked June 1, 2015.[1] The Order denying him a sentence reduction was entered on the docket on February 12, 2015. D.E. 47. A motion to reduce sentence is a step in the criminal proceedings, thus Rule 4(b) applies which requires a notice of appeal to be filed within 14 days from the day the judgment or order appealed from was entered on the docket. *See* Fed. R. App. P. 4(b)(1); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).[2] This Court construes his late-filed notice of appeal to include a motion for extension of time to file a notice of appeal.

---

[1] Rebant is incarcerated and is entitled to application of the mailbox rule. Fed. R. App. P. 4(c)(1).

[2] Two of this court's sister circuits have held that a § 3582(c)(2) motion is not a civil postconviction action but a "step in a criminal case," the denial of which must be appealed within 10 days from the entry of judgment. *United States v. Ono*, 72 F.3d 101, 102-03 (9th Cir. 1995); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir.1996); Fed. R. App. P. 4(b). As the Ninth Circuit stated, § 3582 is a criminal provision because,

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(a)(1)(B) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment or order appealed from, but allows a motion for extension of the time to file the notice of appeal for good cause or excusable neglect  if the requested extension is within thirty days of the due date. Fed. R. App. P. 4(b)(4); *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1999).

Rebant's notice of appeal was due no later than February 26, 2015. It was mailed on June 1, 2015, which is beyond the 30 day permissible extension of time. Although Rebant explains that he did not receive a copy of this Court's Order until May 1, 2015, because he was being transferred between prisons, this Court finds no authority in the Rules of Appellate Procedure or otherwise that allows the Court to enlarge the period of extension. Because Rebant's construed motion for an extension of time to file a late notice of appeal was not filed within 30 days after the expiration of the 14-day appeal period, this Court denies Rebant's construed motion for extension of time to file a late notice of appeal from the Order granting him a sentence reduction. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006) (district court does not abuse its discretion by applying "inflexible claim processing rule"). The Court also denies his motion for reconsideration.

Rebant's construed motion for an extension of time to appeal from the Order granting him a sentence reduction (D.E. 49) is DENIED, and because his appeal is untimely, Rebant's

---

inter alia, it "governs the imposition and subsequent modification of a sentence of imprisonment," and it refers to the statutes and rules governing the imposition of sentences. *See Ono*, 72 F.3d at 102.
We agree with the reasoning of these decisions and adopt it as our own.

*Id.*

motion to appeal *in forma pauperis* (D.E. 51) is also DENIED. The Court further DENIES Rebant's motion for reconsideration. D.E. 54.

    SIGNED and ORDERED this 9th day of July, 2015.

                                    _____
                                         Janis Graham Jack
                                    Senior United States District Judge